**REX v ADREAN, Sheriff**

Ohio Common Pleas, Morgan Co

No 5998

A. A. Porter, Zanesville, for plaintiff.
Carlos M. Riecker, McConnellsville, for defendant.

## OPINION

By THOMAS, J.

Under this section the convicted is of necessity forthwith committed to jail to remain until legally discharged. This legal discharge may be obtained under the provisions of the statute by the payment of the fine and costs, or security for their payment, or it may be obtained by executive clemency; or by serving six months in jail. But it cannot be obtained by virtue of The Insolvent Debtor's Act. (§11150 GC).

On the other hand, §13454-2 GC provides:

"When a judge or magistrate renders judgment for a fine, an execution may issue for such judgment and costs of prosecution, to be levied on the property, or, in default thereof, upon the body of the defendant. The officer holding such writ may arrest such defendant in any county and commit him to the jail of the county in which such writ issued, until such fine and costs are paid or secured to be paid, or he is otherwise legally discharged."

This section seems, in the first instance, to anticipate a different course than that provided in the section above quoted. A judgment is entered for the fine and costs and an effort made to collect it upon execution levied on the convicted's property, as in a civil action. In the event of failure in, this proceeding the defendant may be arrested and committed to jail until the fine and costs are paid, or secured to be paid, or he is otherwise legally discharged.

While nothing is said in this section about the credit of $1.50 a day for each day spent in jail, or that he shall not be detained to exceed six months, those provisions of §13451-9 GC would doubtless obtain. But the question is whether the two sections of the statute quoted are cumulative, so that after exhausting the first section the second one becomes operative in a manner permitting the collection of the balance of the fine upon execution, as is sought now to be done in this case.

I am of the opinion that **Boyer v State, 118 Oh St 582** largely construes the statutes in question and leads to the conclusion that they provide either of two methods of enforcing a penalty; but that when one is exhausted the other cannot be invoked. The decision makes a clear distinction between §13451-9 and §13454-2 GC in their operation. Under the first the court imposes the sentence and at once commits the convicted to jail, subject to the conditions of the section. There is no execution sought and the obligation is not a debt entitling the convicted to the benefit of The Insolvent Debtor Act.

Under the second provision the sentence imposes a judgment subject to execution, and it is only when the judgment cannot be made on execution that the convicted, in lieu thereof, can be committed to jail. He is then entitled to the benefit of The Insolvent Debtor Act, which permits his retention in jail but sixty days as against the six months' provision of the first statute quoted (See 118 Oh St 582 at 590).

I am of the opinion that the two sections are independent of each other. Clearly the first provision was followed in the case in question and the convicted suffered the extreme penalty it allows. Hence, the sentence, under that provision, was satisfied.

After there has been a full satisfaction upon the body of the convicted there cannot be a shifting to an independent statute to further enforce the penalty upon the property of the convicted. He has met the penalty the State elected to impose upon him and he is, therefore, now entitled to an absolute discharge.

Demurrer overruled and defendant given leave to answer, if desired, within two weeks. Otherwise, a restraining order would be allowed as prayed for.

Exceptions noted.